IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| SCOTT R. DUECY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 3:05-cv-102-MJR |
| JULIUS FLAGG, et al., | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Motion to Dismiss (Doc. 30), filed by Defendants Julius Flagg, Christine Brown, and Terry Epplin on August 3, 2007. For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that Counts I, II, III, V and VI of Plaintiff's Second Amended Complaint[1] be **DISMISSED IN PART**, that Defendants Brown and Epplin be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

**Procedural History**

Plaintiff, an inmate in the Illinois Department of Corrections, filed this action on February 16, 2005, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). After Plaintiff filed his First Amended Complaint (Doc. 9) on September 9, 2006, Judge Reagan issued a Memorandum and Order ten days later, dismissing several claims and defendants contained in the First Amended Complaint (Doc. 10). Plaintiff then filed a Second Amended Complaint (Doc. 16) on December 15, 2006, to which Defendants Flag, Brown, and Epplin responded to by filing the

---

[1]Although Plaintiff has titled his latest complaint the "Amended Complaint" it is actually the Second Amended Complaint and will be referred to as such in this report and recommendation.

instant Motion to Dismiss (Doc. 30) on August 3, 2007. Plaintiff filed a Motion for Extension of Time (Doc. 42) on August 29, 2007, and the Court granted the motion that same day, extending Plaintiff's time to respond to the motion to dismiss until October 3, 2007 (Doc. 43). As of the date of this report and recommendation, Plaintiff has not filed a response to the Motion to Dismiss (Doc. 30).

**Substantive History**

Plaintiff, a former inmate of the Pinckneyville Correctional Center, brought this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff asserted claims under three separate counts (Doc. 1 at 4-6). Count I asserted a claim against Defendant Flagg for violating Plaintiff's First and Fifth Amendment rights by denying his requests to take a correspondence course (Doc 1 at 4). Count II asserted a claim against unspecified persons for maintaining an understaffed mail room, needlessly delaying mail delivery, and censoring the prisoners' mail (Doc. 1 at 5). Count III asserted a claim against Defendant Epplin for retaliatory discharge from his position as a maintenance craftsman (Doc. 1 at 6).

Plaintiff's First Amended Complaint dropped some of Plaintiff's original claims and added some new ones (Doc. 9). In the Court's Memorandum and Order (Doc. 10), Plaintiff's First Amended Complaint was separated into six counts (Doc. 10). Count 1 is the same as above (Doc. 10 at 1). Count 2 is against Defendants Brown and Siddiqui for deliberate indifference to Plaintiff's serious mental health needs (Doc. 10 at 2). Count 3 is against unspecified persons for unconstitutional retaliation (Doc. 1- at 2). Count 4 is against Defendant Saurhage for state tort of assault and was dismissed by the District Court (Doc. 10 at 10). Count 5 is against Defendant Feinerman for deliberate indifference to Plaintiff's serious medical needs arising out of Feinerman's refusal to treat a chemical burn on Plaintiff's elbow (Doc. 10 at 9). Count 6 is against Defendant

Feinerman for deliberate indifference to Plaintiff's serious medical needs arising out of Feinerman's refusal to treat Plaintiff for chronic back pain (Doc. 10 at 10).

On December 12, 2006, Plaintiff filed his Second Amended Complaint (Doc. 16). Under a heading entitled "Jurisdiction" Plaintiff names each of the individual defendants and states that they are each being sued in their respective official capacities (Doc. 16 at 1-3). Defendant Flagg is sued in his official capacity as Assistant Warden of the Pickneyville Correctional Center (Doc. 16 at 1), Defendant Brown is sued in her official capacity as Health Care Unit Administrator (Doc. 16 at 1), and Defendant Epplin is sued in his official capacity as supervisor of the Maintenance Department (Doc. 16 at 2).

The first three counts of this complaint are the same as the First Amended Complaint and the fourth count is omitted (Doc 16 at 4-13). Count V of the complaint asserts a claim against Dr. Feinerman for failing to treat a chemical burn and a claim against Defendant Epplin, as shop supervisor, for failing to adequately protect Plaintiff from the danger of chemical burns (Doc. 16 at 13). Count VI of the Second Amended Complaint is against Defendants Feinerman and Brown for failing to treat Plaintiff's back pain (Doc 16 at 14).

In his request for relief, Plaintiff asks the court to issue a declaratory judgment that Defendant Flagg has violated Plaintiff's First Amendment rights (Doc. 16 at 17). Plaintiff also seeks compensatory damages against Defendants Flagg, Brown, Siddiqui and Feinerman, and punitive damages against all named defendants (Doc. 16 at 18).

Defendants Flagg, Brown and Epplin now move to dismiss, arguing that Plaintiff's suit is barred by the Eleventh Amendment of the United States Constitution. Additionally, Defendant Epplin moves to dismiss the claim against him in Count V of Plaintiff's Complaint because it was not filed within the statute of limitations.

CONCLUSIONS OF LAW

**Standard of Review for a Motion to Dismiss**

Defendants bring the instant motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In reviewing this motion, the Court will "accept all well-pleaded factual allegations in the plaintiff's complaint as true, and draw all reasonable inferences in favor of the plaintiff." Tobin for Governor v. Illinois State Bd. of Elections, 268 F.3d 517, 521 (7th Cir. 2001). The motion will be granted only if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief. Id.

**Eleventh Amendment**

It is well settled that the Eleventh Amendment bars a suit by a private party against a state without its consent. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-268 (1997) (citing Hans v. Louisiana, 134 U.S. 1, 33 (1890)); See also, In re Platter, 140 F.3d 676, 678 (7th Cir.1998). The Eleventh Amendment also bars a citizen from suing a state agency or a state official in her official capacity in federal court, unless the state consents to suit in federal court or Congress has abrogated the state's immunity. See In re Platter, 140 F.3d at 679; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). By enacting § 1983, Congress did not express an intent to abrogate a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 342 (1979). Moreover, a state is not a "person" subject to damages action under § 1983. Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002).

The capacity in which a plaintiff asserts claims against individual defendants is largely the plaintiff's choice. Walker v. Rowe, 791 F.2d 507, 508 (7th Cir.1986); see also, Duckworth v. Franzen, 780 F.2d 645, 651 (7th Cir.1985) (abrogated on other grounds as noted in Haley v. Gross, 86 F.3d 630, 644 (7th Cir.1996) ("the plaintiff is the master of the complaint")). The Supreme

Court has stated that the distinction between official and personal capacity suits turns on the capacity in which state officials are sued, not on the capacity in which they acted when injuring the plaintiff. See Hafer v. Melo, 502 U.S. 21, 27 (1991) (whereas official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law"); see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). It is only suits for damages against individual defendants sued in their official capacity which are barred by the Eleventh Amendment. In re Platter, 140 F.3d at 679.

      Additionally, a state's Eleventh Amendment immunity is not absolute. "Under the longstanding doctrine of Ex Parte Young, a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." Dean Foods Co. v. Brancel, 187 F.3d 609, 613 (7th Cir.1999) (citing Ex Parte Young, 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). Additionally, claims for declaratory relief against a state official sued in his or her official capacity are allowed under the doctrine of Ex Parte Young, provided that "[i]t does not impose upon the State a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 645 (2002) (quoting Edelman v. Jordan, 415 U.S. 651, 668 (1974) (emphasis in the original)).

      The Pinkneyville Correctional Center is an institution within the Illinois Department of Corrections and is thus immune from a suit for damages by virtue of the Eleventh Amendment. See Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir. 1995). In his Second Amended Complaint, Plaintiff has clearly stated that he is suing all of the defendants in their official capacities as employees of the Pinkneyville Correctional Center (Doc. 16 at 1-3). However, it is

necessary to evaluate the separate counts of Plaintiff's complaint to determine whether or not they are barred by the Eleventh Amendment.

In Count I of the complaint, Plaintiff has asserted a claim for declaratory judgment, compensatory damages, and punitive damages against Defendant Flagg for violating his First Amendment right to participate in a correspondence course (Doc. 16 at 17-18). Since Defendant Flagg is being sued in his official capacity, the claims for compensatory and punitive damages must be dismissed. Plaintiff's request for declaratory relief, however, does not impose a monetary loss upon the state, and is thus not barred by the Eleventh Amendment.

Counts II, V, and VI assert claims against Defendant Brown in her official capacity as Health Care Unit Administrator (Doc 16 at 9, 13-17). In his request for relief, Plaintiff states that he is requesting compensatory and punitive damages against Defendant Brown (Doc 16 at 18). Since these claims are barred by the Eleventh Amendment, Plaintiff's claims against Defendant Brown must be dismissed, and she must be dismissed as a defendant from this suit.

Counts III and V assert claims against Defendant Epplin in his official capacity as supervisor of the Maintenance Department. Plaintiff does not specifically request relief against Defendant Epplin (Doc. 16 at 18). Plaintiff's only request for relief that could be construed to include Defendant is his request for punitive damages against all named defendants (Doc. 16 at 18). Punitive damages against a state actor sued in his official capacity are barred by the Eleventh Amendment, so Plaintiff's claims against Defendant Epplin must be dismissed, and he must be dismissed as a defendant from this suit.

Because the undisputed facts show that Plaintiff's claims are barred in part by the Eleventh Amendment, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED**. In light of this decision, the Court need not address Defendant's argument that Count V of Plaintiff's complaint is barred by the statute of limitations.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 30) be **GRANTED**, that Count I against Defendant Flagg be **DISMISSED** as to compensatory and punitive damages, that Counts II, V, and VI against Defendant Brown be **DISMISSED**, that Counts III and V against Defendant Epplin be **DISMISSED,** that Defendants Brown and Epplin be **DISMISSED** from this suit, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 4, 2007**

                                            s/ *Donald G. Wilkerson*
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**