IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| Scott R. Ducey, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 05-cv-102 MJR-DGW |
| ADRIEN FEINERMAN; | ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for a Temporary Restraining Order (TRO) and/or Injunction (Doc. 59). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff filed this civil action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. §1983. The Complaint was reviewed pursuant to 28 U.S.C. §§1915 and 1915A, and six counts were identified to be used in all future pleadings and Orders (Doc. 10). Count 4 was dismissed on the basis that those claims were frivolous or failed to state a claim upon which relief could be granted. However, several counts were allowed to proceed as follows: Count 1 - against Defendant Flagg alleging that he violated Plaintiffs First and Fifth Amendment rights by denying Plaintiff s request to take a correspondence course; Count 2 - against Defendants Brown and Siddiqui for deliberate indifference to Plaintiff s serious mental

health needs; Count 3 - against unspecified defendants for unconstitutional retaliation; and Counts 5 and 6 - against Defendant Feinerman alleging deliberate indifference to Plaintiffs serious medical needs.

Plaintiff properly filed an Amended Complaint (Doc. 16) on December 15, 2006, adding Defendants Terry Eplin and "The Administration" as defendants in Count 3, and Defendant Brown as a defendant in Counts 5 and 6. Defendants Eplin and Brown were dismissed by the Court's March 28,2008 Memorandum and Order (Doc. 52). On September 30, 2008, this Court entered a Memorandum and Order stating that the only claims remaining are Counts 5 and 6 against Defendant Feinerman.

### CONCLUSIONS OF LAW

Plaintiff requests this Court enter a Temporary Restraining Order and/or Injunction enjoining Menard Correctional Center's Administration and the Illinois Department of Corrections (IDOC) to:

> 1) abolish the limits currently in place regarding the amount of write-outs and/or 9x12 manilla envelopes that can be purchased at the facility's commissary; and he possession limits thereof; and 2) stop interfering with plaintiff's access to the courts by intentionally not responding to plaintiff's grievances, requests for records & documents; and 3) order M.C.C. to supply plaintiff with envelopes as needed for the purposes of mailing legal documents; at plaintiff's expense, if not indigent, and the state's expense if indigent; . . . . 4) and any such other or further relief as this court deems necessary or just.

Applicants for injunctive relief occasionally are faced with the possibility that irreparable injury will occur before the hearing for a preliminary injunction required by Rule 65(a) can be held. In that event a Temporary Restraining Order may be available under Rule 65(b). The order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party. In the case at bar, Plaintiff asks this Court to enjoin two entities, Menard Correctional

Center's Administration and IDOC, which are not parties to this lawsuit. As such, this Court has no jurisdiction over these parties and does not have the authority to enjoin their actions. For these reasons, this Court cannot recommend that a TRO or preliminary injunction be entered.

## CONCLUSION

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that the portion of Plaintiff's motion that request a Motion for a Temporary Restraining Order (TRO) and/or Injunction (Doc. 59) be **DENIED**, and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 21, 2008.**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
