# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT R. DUCEY,               )

                              )

               **Plaintiff,**     )

                              )

          **vs.**              )         **Case No. 05-CV-0102-MJR**

                              )

ADRIEN FEINERMAN,      )

                              )

               **Defendant.**    )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On February 16, 2005, Ducey filed this action alleging violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). On September 19, 2006, the undersigned District Judge dismissed various parties and counts from Ducey's First Amended Complaint (Doc. 10). On December 15, 2006, Ducey filed a Second Amended Complaint which included two claims alleging that Defendant Feinerman was deliberately indifferent to Ducey's serious medical needs (Doc. 16). Feinerman filed a motion for summary judgment as to both claims on September 4, 2008 (Doc. 74). Thereafter, the Court severed all other defendants from this action (Doc. 77).

## 1. The First Report and Recommendation

Magistrate Judge Donald G. Wilkerson initially submitted a Report recommending that the undersigned District Judge grant Feinerman's motion for summary judgment (Doc. 86). Judge Wilkerson noted that Ducey failed to submit any documentary evidence to rebut the evidence submitted by Feinerman. As a result, Judge Wilkerson deemed Feinerman's factual assertions as true, and found that the evidence in the record indicated that Feinerman was not deliberately indifferent to Ducey's serious medical needs.

Ducey objected, stating only that he did provide documentary evidence, exhibits, and affidavits in support of his claims (Doc. 88). Though the docket sheet did not reflect the filing or

receipt of any such documents, further inspection revealed that the Court did in fact receive an envelope containing a variety of documents from Ducey on November 19, 2008. Due to an oversight, they were not scanned into the record, and the Magistrate Judge did not consider them in submitting the initial Report and Recommendation. In the interests of justice, the undersigned District Judge recommitted the matter to the Magistrate Judge so that he could fully consider these documents (Doc. 90).

## 2.  The Second Report and Recommendation

On March 11, 2009, having review all of the documents in the record, Magistrate Judge Wilkerson submitted a new Report (Doc. 93).  Again, Judge Wilkerson recommended that the undersigned District Judge grant Feinerman's motion for summary judgment.  The Report was sent to the parties along with a "NOTICE" informing them of their right to appeal by way of filing "Objections" within ten days of service of the Report.  To date, no objections have been filed, and the period in which such objections may be filed has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review.  ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).**

Accordingly, the undersigned District Judge **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation in its entirety (Doc. 93), **GRANTS** the motion for summary judgment (Doc. 74), and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Feinerman and against Ducey.

As no pending claims remain, this case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED this 31st day of March 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
